## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| | : | |
| SAMSON RESOURCES CORPORATION, *et al*., | : | Case No. 15-11934-CSS |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

| | | |
|---|---|---|
| LLOYD AND MARY NESS, | : | |
| | : | Civ. No. 16-1156-RGA |
| Appellants, | : | |
| v. | : | |
| | : | |
| SAMSON RESOURCES CORPORATION, *et al.*, | : | |
| | : | |
| Appellees. | : | |

## MEMORANDUM

Pending before this Court is a *pro se* appeal from a Memorandum Order (B.D.I. 1346)[1]
and an order denying reconsideration of same (B.D.I. 1661) entered by the United States
Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), which disallowed and
expunged proofs of claim filed by Appellants in the Chapter 11 cases. For the reasons set forth
below, the appeal is dismissed for lack of subject matter jurisdiction.

1. **Background.** This appeal arises out of an oil and gas lease ("Ness Lease")
between Appellants and a predecessor to the Debtors, which created a one-sixth royalty interest
in the oil and gas produced from wells drilled on Appellants' property in North Dakota. The
Debtors drilled and operated ten wells on the property. Although the Ness Lease provides for a
one-sixth aggregate royalty, Appellants and certain relatives each own a fraction of this one-sixth
interest based on their divided ownership of the property.

---

[1] The docket of the chapter 11 cases, captioned *In re Samson Resources Corp., et al.*, No. 15-
11934-CSS (Bankr. D. Del.), is cited herein as "B.D.I. __."

2.     On September 16, 2015, Samson Resources Corporation, together with certain

affiliates ("Debtors"), filed voluntary petitions for relief under Chapter 11 of the Bankruptcy

Code. Appellants filed a proof of claim in conjunction with several relatives in the Chapter 11

cases (Claim Nos. 559, 753, 869, 1798, 1799, 1800) ("Ness Claims"). The Ness Claims allege

that the Debtors have improperly calculated royalty payments and have debited improper

deductions. Mr. Ness's claim asserted "$75,000 - $1,000,000" for royalties allegedly owed by

the Debtors to Mr. Ness, plus interest at an annual rate of 18 percent. Mr. Ness's claim also

states that the claim is secured and entitled to priority pursuant to section 507 of the Bankruptcy

Code.

3.     On February 16, 2016, the Debtors objected to the Ness Claims (B.D.I. 675, 677)

("Ness Objection"), and the parties subsequently engaged in discovery. On July 6, 2016, the

Bankruptcy Court held an evidentiary hearing on the Ness Objection. (B.D.I. 1151, 7/6/16 Hr'g

Tr.). Although Appellants did not file a written response to the Ness Objection, Appellants

raised several arguments at the evidentiary hearing, including, *inter alia*, that (i) relevant case

law, which permits the deduction of post-production costs from royalty payments, was

inapplicable to gas from Appellants' wells; (ii) the Ness Lease predated the relevant case law and

therefore it should not apply to their Claims; (iii) the automatic stay should be modified, or in the

alternative, that the Bankruptcy Court should abstain from hearing the Ness Objection, to allow

the North Dakota courts[2] to hear this matter; and (iv) post-production costs of gas that exceed the

amount the gas is sold for should not be netted against oil royalties. (*See* B.D.I. 1346 at 7).

---

[2] The Court is aware of an antitrust action filed by Appellants against Debtors and other
defendants in the United States District Court for the District of North Dakota several months
prior to the Debtors' bankruptcy. *See Ness v. Samson Resources, et al.*, No. 4:15-cv-00063
(D.N.D. May 21, 2015) at D.I. 1. The Court also understands that proceeding has been stayed by
the Debtors' bankruptcy. (*See id.* at D.I. 88 (order staying case); *see also* D.I. 28 (reporting
recent status conference in pending antitrust action)).

2

4.       On September 13, 2016, the Bankruptcy Court entered the Memorandum Order, finding that: the amount of the royalty payments was calculated starting with the market price received for the oil or gas and is divided among the fractional interest holders of each well (*see* B.D.I. 1346 at p. 5); Debtors then subtracted the fractional costs for post-production expenses from the royalty payments prior to issuing royalty checks (*id.*); from November 2012 to January 2016, Debtors made royalty payments to Mr. Ness totaling approximately $48,123.49 (*id.*); and during that period, Debtors deducted post-production costs of, at most, $1,930 from Mr. Ness's royalty payments (*id.* at pp. 6, 22). The Memorandum Order, *inter alia*: modified the Ness Claims to be asserted against the correct Debtor (*id.* at p. 8); reclassified the Ness Claims as general unsecured claims for disputed amounts, if any, occurring prior to the petition date (*id.*); determined that post-production expenses are properly charged against royalties under North Dakota law (*id.* at pp. 9-13); declined to modify the automatic stay or abstain from hearing the Ness Objection (*id.* at pp. 14-20); and ultimately disallowed and expunged the Ness Claims (*id.* at p. 24).

5.       On September 27, 2016, Appellants filed a *Motion for Alteration Amendment of a Judgment of a Claim Worthy or Pursuit, in Order to Take New Testimony, Amend Findings of Fact and Conclusions of Law, or Make New Ones, and Direct the Entry of a New Judgment as per Fed Rules of Civ. Procedure Rule 59(a)(1)(B)* (B.D.I. 1408) ("Reconsideration Motion"). On October 17, 2016, Appellants supplemented the Reconsideration Motion (B.D.I. 1570) ("Supplement"). The Bankruptcy Court treated the Reconsideration Motion and Supplement as a motion for reconsideration under Federal Rule of Civil Procedure 59.[3] The Bankruptcy Court

---

[3] Bankruptcy Rule 9023 provides, in relevant part: "Except as provided in this rule and Rule 3008, [Federal Rule of Civil Procedure] 59 applies in cases under the [Bankruptcy] Code. A motion for a new trial or to alter or amend a judgment shall be filed, and a court may on its own order a new trial, no later than 14 days after entry of judgment." Fed. R. Bankr. P. 9023. Bankruptcy Rule 3008 provides: "A party in interest may move for reconsideration of an order

3

held another hearing to discuss Appellants' arguments on November 16, 2016 and subsequently denied the requested relief. (B.D.I. 1661) ("Reconsideration Order").[4] On December 7, 2016, Appellants noticed their appeal of both the Memorandum Order and the Reconsideration Order. (D.I. 1). The notice of appeal was filed 21 days after the entry of the Reconsideration Order.

6.      On February 15, 2017, the Court held a telephonic hearing and the parties agreed to a briefing schedule. (D.I. 8). Appellants did not comply with Bankruptcy Rule 8009, which requires an appellant to designate "items to be included in the record on appeal and a statement of the issues to be presented." Fed. R. Bankr. P. 8009(a)(1). On March 22, 2017, Appellants filed their opening brief, which, according to Appellants, refers to "new evidence" that Debtors improperly calculated and withheld royalty payments. (*See* D.I. 12 at pp. 2-3). On April 21, 2017, Debtors filed their answering brief, asserting that this Court lacks subject matter jurisdiction over the appeal because it was not timely filed. (*See* D.I. 13 at pp. 6-9). Debtors further argue that Appellants are seeking to improperly assert new evidence and new arguments in the appeal (*id*. at pp. 9-10); that the Bankruptcy Court correctly determined that the Ness Claims were barred by state law (*id*. at pp. 10-14); and that the Bankruptcy Court did not commit clear error in refusing to consider new evidence in connection with Appellants' Reconsideration Motion (*id*. at pp. 14-16).

7.      **Jurisdiction and Standard of Review.** The Court has appellate jurisdiction over all final orders and judgments from the Bankruptcy Court. *See* 28 U.S.C. § 158(a)(1). Bankruptcy Rule 8002 provides: "Except as provided in subdivisions (b) and (c), a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order,

---

allowing or disallowing a claim against the estate. The court after a hearing on notice shall enter an appropriate order." Fed. R. Bankr. P. 3008.
[4] The Reconsideration Order was entered based on the reasons set forth at the November 16, 2016 hearing. *See* B.D.I. 1670, 11/16/16 Tr. at 36:10-42:133.

4

or decree being appealed." Fed. R. Bankr. P. 8002(a)(1).[5] The Third Circuit has held that the failure to appeal a bankruptcy court's ruling to the district court within the time period established by Bankruptcy Rule 8002 deprives the district court of jurisdiction to hear an appeal. *See In re Caterbone*, 640 F.3d 108, 113 (3d Cir. 2011).

8.    **Discussion.** Fourteen days from the date of entry of the November 16, 2016 Reconsideration Order was November 30, 2016. The appeal was not filed until December 7, 2016, seven days after the 14-day period under Bankruptcy Rule 8002(a) had expired. Although the Bankruptcy Rules alone cannot create or withdraw jurisdiction, Congress has limited the jurisdiction of this Court to hear an appeal from a final order of a Bankruptcy Court by specifically incorporating the time limits of Rule 8002 in the jurisdictional grant to the district courts to hear appeals from bankruptcy courts. Section 158(c)(2) of title 28 provides that "an appeal under subsections (a) and (b) of this section shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts **and in the time provided by Rule 8002 of the Bankruptcy Rules.**" 28 U.S.C. § 158(c)(2) (emphasis added).

9.    The Third Circuit has held on several occasions that the time limits of Bankruptcy Rule 8002 are jurisdictional and deprive an appellate court of subject matter jurisdiction if the appellant fails to comply. *See Caterbone*, 640 F.3d at 112-13 (citing *S'holders v. Sound Radio, Inc.*, 109 F.3d 873, 879 (3d Cir. 1997); *Whitemere Dev. Corp., Inc. v. Cherry Hill Twp.*, 786 F.2d 185, 187 (3d Cir. 1986); *In re Universal Minerals, Inc.* 755 F.2d 309, 311 (3d Cir. 1985)). In

---

[5] Neither subdivision (b) or (c) is relevant here. Subdivision (b)(1) provides "If a party timely files in the bankruptcy court any of the following motions, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion" and then lists the following motions: (A) to amend or make additional findings; (B) to alter or amend the judgment; (C) for a new trial; (D) for relief from judgment. Fed. R. Bankr. P. 8002(b)(1). Subdivision (c) refers to rules for claimants who are incarcerated. Fed. R. Bankr. P. 8002(c).

*Caterbone*, the court stated that:

> [b]ecause Section 158 . . . specifies the time within which an appeal must be taken
> – i.e., "in the time provided by Rule 8002" – that requirement is jurisdictional . . .
> Here, even though it is a bankruptcy rule that specifies the time within which an
> appeal must be filed, the statutory incorporation of that rule renders its
> requirement statutory and, hence, jurisdictional and non-waivable.

*Id.* at 111-12.

10.     Appellants' opening brief states, "Appellant was and [is] recovering from health issues . . . which we pray is acceptable as 'excusable neglect'" and further indicates that Appellants can "provide medical records." (D.I. 12 at p. 18-19). Under Bankruptcy Rule 8002(d), the Bankruptcy Court "may extend the time to file a notice of appeal upon a party's motion that is filed: (A) within the time prescribed by this rule; or (B) within 21 days after that time, if the party shows excusable neglect." Fed. R. Bankr. P. 8002(d)(1). Thus, Bankruptcy Rule 8002(d) requires that, even in cases of excusable neglect, the issue must be raised and a motion filed within 21 days following the expiration of the 14-day appeal period. Although Appellants could have asked the Bankruptcy Court to extend the time to appeal upon a showing of excusable neglect by filing a motion within 21 days after the time for taking an appeal had expired, Appellants did not do so. Here, no motion for relief or showing of excusable neglect was ever made to the Bankruptcy Court, and, as Debtors correctly point out, "[t]he rule does not allow a party to claim excusable neglect after the [time period] ha[s] expired." (*See* D.I. 13 at p. 8 (quoting *Caterbone*, 640 F.3d at 113-14)). The Court is therefore without jurisdiction to consider the appeal regardless of whether Appellants might demonstrate excusable neglect. *See, e.g., Siemon v. Emigrant Savings Bank*, 421 F.3d 167, 169 (2d Cir. 2005).

11.     Appellants also state that their notice of appeal was "[s]igned[,] dated and mailed December 5, 2016," and that they "erroneously believ[ed] Non ECF filers had additional days allowed for USPS in lieu of instant ECF filing capabilities." (*See* D.I. 12 at pp. 18-19).

6

12.     Appellants' argument that the notice of appeal was dated and mailed on December 5, 2016 – nineteen days after the Reconsideration Order was entered – does not change the outcome. As Debtors argue, the date the bankruptcy clerk receives the notice determines whether the appeal was timely filed. *See* Fed. R. Bankr. P. 8002(a)(1). Even if the date of mailing somehow controlled, December 5 would exceed the 14-day time period by five days.

13.     Finally, Appellants were not afforded more time to file their appeal as non-ECF filers. As Debtors correctly argue, the provisions of Federal Rule of Civil Procedure 6(d)[6] and Bankruptcy Rule 9006(f),[7] which add three days to a responsive deadline, are only employed where service is to be accomplished by mail and notice is effective upon service. *See Mosel v. Hills Dep't Store, Inc.*, 789 F.2d 251, 253 (3d Cir. 1986) (stating that what is now Federal Rule 6(d) "applies only where a time period is measured from the date of service by mail, and allows a party so served additional time to respond, in order to account for the time required for delivery of the mail."). Where, as here, the time period for taking some sort of action begins to run from an event other than service – entry of the Reconsideration Order – neither Federal Rule 6(d) nor Bankruptcy Rule 9006(f) extend the time within which to act. The time period within which to file an appeal began when the Bankruptcy Court entered the Reconsideration Order on

_____

[6] At the time of this appeal, Federal Rule of Civil Procedure 6(d) provided: "When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C) [mail], (D) [leaving with the clerk], (E) [sending by electronic means per written consent] or (F) [other means consented to], 3 days are added after the period would otherwise expire under Rule 6(a)." Fed. R. Civ. P. 6(d) (2016). Rule 6(d) was amended in 2016 (effective December 31, 2016) to remove service by electronic means from the modes of service that allow 3 added days to act after being served, but the amendment is not relevant to this appeal. *See* Advisory Committee Notes (2017).

[7] Bankruptcy Rule 9006(f) similarly provides: "When there is a right or requirement to act or undertake some proceedings within a prescribed period after being served and that service is by mail or under [Federal] Rule 5(b)(2)(D) (leaving with the clerk) or (F) (other means consented to)[,] three days are added after the prescribed period would otherwise expire under Rule 9006(a). Fed. R. Bankr. P. 9006(f).

7

November 16, 2016. *See In re B.J. McAdams, Inc.*, 999 F.2d 1221, 1225 (8th Cir. 1993) (discussing that under Rule 9006(f), "the time to file the motions or notice of appeal runs from the entry of judgment, not from service of notice of the judgment.")

14. **Conclusion.** While the Court understands Mr. Ness's health issues, the jurisdictional defect is non-waivable. Having failed to file a timely notice of appeal and having failed to make a showing of excusable neglect for the untimely filing within the time frame set forth in Bankruptcy Rule 8002(d)(1)(B), this Court lacks jurisdiction to hear the appeal, and the appeal must be dismissed. Accordingly, the Motion filed by Appellants at D.I. 29 will be dismissed.

15. A separate order will be entered.

Entered this __23__ day of August, 2017.

Richard G. Andrews

United States District Judge